**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| STATE FARM MUTUAL, AUTOMOBILE INS. CO., | |
| Plaintiff, | CIVIL ACTION NO. 07-CV-15129 |
| VS. | DISTRICT JUDGE BERNARD A. FRIEDMAN |
| PAIN AND INJURY REHABILITATION CLINIC, INC., et al. | MAGISTRATE JUDGE MONA K. MAJZOUB |
| Defendants. | |

_____/

## OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL STATE FARM'S ANSWERS TO FIRST SET OF INTERROGATORIES (DOCKET NO. 44)

This matter comes before the Court on Defendants' Motion to Compel State Farm's Answer to First Set of Interrogatories filed on May 19, 2008. (Docket no. 44). Plaintiff filed its Response to Pain & Injury Rehabilitation Clinic's Motion to Compel Answer to First Set of Interrogatories on June 2, 2008. (Docket no. 47). The parties filed a Joint Statement of Resolved and Unresolved Issues on June 18, 2008. (Docket no. 48). This motion has been referred to the undersigned for decision. (Docket no. 45). The Court heard oral argument on these motions on June 25, 2008. These motions are now ready for ruling.

**I.  Background**

Plaintiff filed this action on December 3, 2007 alleging that the four Defendants, including the clinic, its two incorporators and a chiropractic provider, are engaged in fraudulent practices relating to providing and billing for services not compensable under Michigan's No-Fault Act, violated Administrative Rule 338.12014 of the Michigan Board of Chiropractic, administered therapies with no medical efficacy or scientific validity and that the incorporators are unlicensed in any healthcare profession.  (Docket no. 1).  Plaintiff brings claims for fraud, unjust enrichment and seeking declaratory judgment with regard to outstanding billings.  There is also a Counterclaim and a Third-Party Complaint.  (Docket nos. 7, 8).

**II.  Standard**

Rule 26(b)(1), Fed. R. Civ. P., allows discovery of any matter not privileged that is relevant to a claim or defense of a party.  Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Rule 33, Fed. R. Civ. P., provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

**III.  Analysis**

    **A.  Interrogatories in Excess of 25**

Defendants served 15 numbered Interrogatories on Plaintiff on March 19, 2008.  (Docket no. 44 ¶ 1).  Each Interrogatory contains multiple subparts; most of the subparts are lettered.  (Docket no. 44-2).  Plaintiff timely served Answers to the Interrogatories on April 19, 2008.  (Docket no. 47).  However, at Interrogatory No. 7(d) Plaintiff answered only that it "objects to letter d as it violates

FRCP 33 (a), by exceeding 25 in number including discreet subparts. Plaintiff does not stipulate to answer more than 25 interrogatories with subparts." (Docket no. 44-2). Plaintiff made the same objection to each of the remaining Interrogatory Nos. 7(e)-15. Plaintiff did not make any other objections with its Answers, other than a relevancy objection to Interrogatory No. 2. Defendants allege that Plaintiff's answers are incomplete and evasive and amount to a failure to answer under Fed. R. Civ. P. 37(a)(4). Plaintiff responds that not only did it answer all the interrogatories completely, Defendant served far more than the 25 interrogatories allowed under Fed. R. Civ. P. 33. Plaintiff admits that it refused to answer Interrogatories exceeding 25. (Docket no. 47).

Under Fed. R. Civ. P. 33(a) each party may serve 25 written interrogatories on any other party. *See Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006). The four defendants in this action together served the first set of interrogatories. Plaintiff conceded at the hearing that the allegations in the Complaint are not identical as to each Defendant. Similarly, Defendants' Interrogatories are tailored to specific allegations in the Complaint and Plaintiff does not show that Defendants' Interrogatories are duplicative. Plaintiff does not argue that the Defendants should be treated as a single entity. *See generally Vinton v. Adam Aircraft Industries, Inc.*, 232 F.R.D. 650, 664 (D.C. Colo. 2005). Therefore, all four Defendants may serve up to 25 Interrogatories each.

The term "discrete subparts" does not have a precise meaning, however, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino*, 232 F.R.D. at 614. In counting the interrogatories, Plaintiff did not engage in any analysis regarding whether the subparts were subsumed within the primary question. Plaintiff admitted at the hearing that

3

Plaintiff counted the Interrogatories based on Defendants' numbering and lettering of subparts, whether or not the subparts were subsumed within the question, and concluded that Interrogatory No. 7(c) was the 25th Interrogatory. Plaintiff did not answer Interrogatories past Interrogatory No. 7(c). Employing this method of counting, Defendants served 63 Interrogatories.

Upon further consideration of the primary questions of each Interrogatory, the Court finds that the following Interrogatories contain one primary question or topic: Nos. 1, 2 and 15. The following Interrogatories contain compound questions resulting in two or more separate Interrogatories (total number of Interrogatories noted in parentheses): Nos. 3(4), 4(4), 5(4), 6(12), 7(4), 8(4), 9(4), 10(4), 11(4), 12(4), 13(7) and 14(2) . Therefore, Defendants served 60 Interrogatories. For purposes of Rule 33, the Court will treat the first 25 interrogatories as served by Defendant Pain & Injury Rehabilitation Clinic, Inc., the next 25 Interrogatories as served by either Defendant Daniel Belilovsky or Albert Kurzon (as the incorporators, they are subject to the same claims in the Complaint), and the remaining Interrogatories as served by Defendant Rachel Stadick. *See Trevino*, 232 F.R.D. at 614. Defendants together served less than the allowable number of Interrogatories.

Interrogatory No. 14 includes a request for production of documents, which is not properly the subject of an Interrogatory. The Court will deny Defendants' Motion to Compel as to the request for production in Interrogatory No. 14. However, the Court will order Plaintiff to answer the remaining Interrogatory Nos. 7(d)-15, which it declined to answer. Fed. R. Civ. P. 37(a).

**B.      Sufficiency of Plaintiff's Answers**

Defendants also allege that Plaintiff's Answers to Interrogatory Nos. 3-5 and 7(a)-(c) are

4

evasive and incomplete[1].  In Interrogatory Nos. 3, 4, 5, and 7 Defendants quoted specific allegations by paragraph from Plaintiff's Complaint and asked Plaintiff to state all facts and evidence it intends to rely upon for that claim, set forth each witness, and for each witness provide the following: (a) names and addresses of the witnesses, (b) substance of their testimony, (c) their position and/or job title and the name of the company they are employed by or if working independently they are affiliated with, (d) involvement with, and knowledge of the case, and (e) all documents on which their testimony is based.  Interrogatory No 7 also asks for the legal basis for the claim.

In answer to these Interrogatories, Plaintiff repeatedly provided predominately the same list of witness names with addresses and general identification of the topic to which the witness with testify.  The list is not specifically tailored to the claims and Complaint paragraphs referenced by Defendants' Interrogatories.  Plaintiff did not include the facts and other evidence upon which the specific allegation was made.

Specifically, Plaintiff answered the subparts (a) by listing 42 witnesses and their addresses.  Plaintiff did not answer with the substance of each witness's testimony as it relates to the specific allegation as requested by subparts (b).  Plaintiff did not include the position and/or job title and name of the company the witness is employed by or affiliated with as requested by subparts (c).  Plaintiff did not answer with the witness's knowledge of the case as requested by subparts (d).

---

[1] Interrogatory No. 6 refers to the wrong paragraph number for the claims reproduced in the Interrogatory, therefore Plaintiff responded that it did not make those claims in that numbered paragraph and was therefore unable to answer.  Defendants did not challenge Plaintiff's Answer.

5

Subparts (e) ask Plaintiff to identify all documents on which their [the witness's] testimony is based. Plaintiff provided general answers listing broad categories of documents. For example Answer to Interrogatory No. 3 lists "[c]orporation papers, advertising, name of the clinic, treatment records and billings." (Docket no 44-2 at 14). Defendants did not provide a copy of their original Interrogatories so the Court does not know whether the term "identify" was defined. Therefore, in light of the general nature of the Interrogatory subparts (e), the general identification of the documents is sufficient. However, Plaintiff did not tailor the document identification to each of the individuals it identified, as requested by the Interrogatories.

Plaintiff did not object to the relevance of these Interrogatories in its Answers. However, Plaintiff generally asserts in its Response Brief that "not all of the Interrogatories will lead to discoverable information which is relevant to the claims and defenses of this lawsuit." Fed. R. Civ. P. 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The question of whether the requested discovery is reasonably calculated to lead to the discovery of admissible evidence is a close question. Broad discretion is afforded to the Court in regulating discovery. *See Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). The Court is guided by the strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

Plaintiff only makes a specific relevancy objection to Interrogatory No. 2. (Docket no. 44-2, 47). Interrogatory No. 2 asks Plaintiff to identify "the individual employed at State Farm who retained your firm to begin a lawsuit." It is not clear what relevance this Interrogatory has

6

to the claims and defenses in this suit. Further, Interrogatory No. 2 is unclear in that it refers to "your firm," likely identifying Plaintiff's attorneys, however, these Interrogatories are not properly directed to Plaintiff's attorneys. Defendants' Motion to Compel does not address the adequacy of Plaintiff's response to Interrogatory No. 2. The Court will not order Plaintiff to supplement or amend its answer to Interrogatory No. 2. The Court finds that the remaining Interrogatories are relevant. In light of Plaintiff's failure to provide specific responsive answers to Interrogatory Nos. 3, 4, 5, and 7 and the requests for facts, evidence *and* witnesses, the Court will strike Plaintiff's Answers to these Interrogatories and order Plaintiff to provide full and complete answers to Interrogatory Nos. 3, 4, 5 and 7, including, for *each* witness answers to subparts a, b, c, d and e specifically tailored to the allegation(s) within the Interrogatory. Fed. R. Civ. P. 37(a).

      **C.**     **Plaintiff's Request for a Protective Order and the Parties' Requests for Costs**

Plaintiff in its Response Brief requests a protective order protecting it from Interrogatories "that are overly broad, unduly burdensome, and raised merely to harass, embarrass and create oppression for Plaintiff in this action." (Docket no. 47). The Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Civ. P. 26(c). The moving party must show good cause for a protective order to issue and certify that the party has in good faith attempted to confer with the other parties in an effort to resolve the dispute. Fed. R. Civ. P. 26(c); *see also Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991). "An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence." *Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind.

1992). Plaintiff made no specific demonstration of facts supporting its request for a protective order. Further, as set forth above, Defendants have not exceeded the allowable number of Interrogatories. The Court will deny Plaintiff's request for a protective order.

The parties ask for their costs in bringing and responding to this motion. Had Plaintiff reviewed the law provided in Defendants' motion and brief related to the 25-Interrogatory limit it may have concluded that each Defendant may serve 25 Interrogatories without leave of court or stipulation. However, the Court has not granted Defendants' Motion in full. At this time, the Court will not grant Defendants' or Plaintiff's request for costs.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel State Farm's Answers to First Set of Interrogatories (docket no. 44) is DENIED in part as to Interrogatory No. 2 and the request for documents in Interrogatory No. 14. Defendants' Motion to Compel is GRANTED in part and Plaintiff will serve full and complete answers to Interrogatory Nos. 3, 4, 5 and 7 through 15 on or before July 21, 2008.

**IT IS FURTHER ORDERED** that Plaintiff's request for a protective order and the parties' requests for costs are DENIED.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: June 30, 2008          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 01, 2008            s/ Lisa C. Bartlett
                                Courtroom Deputy