UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Plaintiff,

vs.

PAIN & INJURY REHABILITATION CLINIC,
DANIEL BELILOVSKY,
ALBERT KURZON and
RACHEL STADICK

       Defendants.
_____/

Civil Action No.
07-CV-15129

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS
THE COUNTER-COMPLAINT and GRANTING PARTIAL SUMMARY JUDGMENT
FOR PLAINTIFF ON THE ISSUE OF DEFENDANTS' DAMAGES**

       This matter is presently before the court on plaintiff's motion to dismiss or for summary judgment as to defendants' counter-complaint [docket entry 54]. Defendants have responded and plaintiff has replied. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

       Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") alleges in its complaint that defendant Pain & Injury Rehabilitation Clinic ("PIRC"), its incorporators/directors (defendants Belilovsky and Kurzon) and a chiropractor who is the "principle provider of service at PIRC" (defendant Stadick) "have purported to provide healthcare services to State Farm's insureds for alleged injuries arising out of the ownership, operation, maintenance or use of a motor vehicle . . . and collectively have presented billings to State Farm . . . a variety of which have been paid by State Farm." Complaint ¶¶ 5-7. State Farm alleges that these billings are

improper under Michigan's No-Fault Act for the following reasons: (1) PIRC "was established for illegal purposes in furtherance of fraudulent activities"; (2) "PIRC does not include the word 'chiropractic' in its name or in any of its advertising [as required by] Administrative Rule 338.12014 of the Michigan Board of Chiropractic"; (3) "alleged physical therapy services are being provided at PIRC, and billed for, without proper prescription or supervision by a physician or licensed physical therapist"; (4) "various devices including 'surface EMG's' and other alleged modalities of therapy which have no medical efficacy or scientific validity, are being administered by Rachel Stadick, D.C., . . . have not been approved by the Michigan Board of Chiropractic . . . [and] are not reasonable and necessary"; (5) "Daniel Belilovsky and Albert Kurzon are not licensed in any healthcare profession and have no foundation for their directorship of PIRC"; and (6) "Rachel Stadick, D.C., is a limited licensed healthcare professional and has exceeded the scope of her license." *Id.* ¶¶ 11, 13, 15, 16, 17, 18. Based on these allegations, State Farm seeks a declaration, in Count I of the complaint, that defendants' "services are not lawful, that the corporation is not properly incorporated, and not lawfully providing service, that the services provided are provided outside of the necessary licensure and Public Health Code requirements." *Id.* at 5.

In Counts II and III, State Farm asserts claims against defendants for fraud and unjust enrichment. These claims are based on the allegations that State Farm has paid $48,000 to defendants for services that were not compensable under the No-Fault Act because (1) defendant Stadick is not licensed to perform, or to authorize others to perform, physical therapy; (2) devices used in connection with physical therapy were not approved; and (3) defendants' services "were not properly identified as being chiropractic services." *Id.* ¶¶ 24, 25, 26, 28, 32, 33, 34.

Defendants have filed a counterclaim against State Farm, which reads in its entirety

as follows:

## COUNT I - ACCOUNT STATED

1. The Plaintiff is indebted to the Defendants upon open affidavit/account stated as is supported by a verified affidavit[1] made a part hereof, in the principal amount of $283,000.00 said amount being due.

2. The Plaintiff has failed, refused and neglected to pay the aforesaid amount, although having been requested to do so.

WHEREFORE, Defendants file this suit and claim judgment against the Plaintiff in the amount of $283,000.00 plus interest at the statutory rates to date of judgment and costs.

## COUNT II - UNJUST ENRICHMENT

3. Defendants restate all prior allegations as though fully incorporated herein.

4. The Plaintiff has benefitted from the services of defendants.

5. The Plaintiff has not remitted payment of money to the Defendants for the professional services they rendered.

6. The Plaintiff has been unjustly enriched at Defendants' expense.

7. The Plaintiff has received a benefit at the expense of the Defendants which is inequitable for the Plaintiff to retain.

WHEREFORE, Defendants request this Court award compensation for the injuries and damages Defendants have suffered as a result of Plaintiff's failure to render payment for the services rendered, together with interest, court costs, and attorney fees that they have incurred bringing this action against Plaintiff.

---

[1] An "Affidavit in Support of Account Stated," which is attached to defendants' answer to the complaint [docket entry 6], states: "ALBERT KURZON, being first duly sworn, deposes and says that he is employed by Pain & Injury Rehabilitation Clinic as Manager. That the total amount owing by State Farm Mutual Automobile Insurance Company, over and above all set offs is $283,000.00."

Plaintiff seeks dismissal of both claims under Fed. R. Civ. P. 12(b)(6). If either claim survives its 12(b)(6) challenge, plaintiff seeks partial summary judgment to limit defendants' damages to those losses which were incurred no longer than one year prior to the filing of the counter-complaint.

Plaintiff first argues that defendants have failed to state a claim for account stated, as such a claim requires an express or implied agreement between the parties that the amount at issue is in fact due and owing, and there is no such agreement in this case. In response, defendants argue that the counter-complaint sufficiently states such a claim and that any factual disputes as to whether the parties reached agreement on the amount owed should be decided by the jury.

The Michigan Court of Appeals has stated:

> An "account stated" is a balance struck between the parties on a settlement; and where a plaintiff is able to show that the mutual dealings which have occurred between the parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance. *Keywell & Rosenfeld v. Bithell*, 254 Mich. App 300, 331; 657 NW2d 759 (2002).
>
> Under M.C.L. § 600.2145, when a plaintiff bringing an "account stated" claim makes an affidavit of the amount due and attaches to the affidavit a copy of the account and serves the defendant with the copy of the account, the affidavit, and the complaint, the affidavit "shall be deemed prima facie evidence of indebtedness, unless the defendant with his answer, by himself or agent, makes an affidavit and serves a copy thereof on the plaintiff or his attorney denying the [indebtedness]." The statute's language does not mandate serving a defendant with a copy of the account and the affidavit when serving the complaint. Rather, it states that such action creates "prima facie evidence of indebtedness" absent an affidavit by the defendant denying the indebtedness.
>
> Moreover, M.C.L. § 600.2145 is not the only way to establish a claim for an account stated; such a claim can be proven through evidence of an express understanding, or words and acts, and the necessary and proper inferences thereon. *Keywell, supra* at 331. To establish a claim for account stated, a plaintiff must prove that the defendant expressly accepted bills tendered by paying them or failed

4

to object to them within a reasonable time. *Id.*

*Klochko Equip. Rental Co., Inc. v. Village Green Const., L.L.C.*, 2003 WL 21398305, *2-3 (Mich. App. June 17, 2003).

Count I of the counter-complaint suffices to state a claim for "account stated." State Farm does not argue that the counter-complaint fails to give sufficient notice as to the nature of the claim, but that defendants will be unable to prove the claim because State Farm did not agree to pay the amount at issue. As these arguments go to the merits, they must be presented in a properly supported motion for summary judgment, not a motion to dismiss for failure to state a claim. From ¶¶ 3 and 6-8 of State Farm's motion, it is clear State Farm seeks a ruling under Fed. R. Civ. P. 12(b)(6) that no "account stated" claim has been stated, not under Fed. R. Civ. P. 56 that the claim fails for want of proof.

State Farm next argues that defendants have failed to state a claim for unjust enrichment because "State Farm was never in receipt of any benefit from PIRC, et al." Pltf's Mot. at 6. Further, "[f]or Defendants/Counter-Plaintiffs to attempt to prove this count of their Counter-Complaint they first have to show that State Farm received some sort of benefit from PIRC, . . ." *Id.* Once again, State Farm fails to distinguish between stating and proving a claim. Unjust enrichment has only two elements: "(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375 (1993). As both elements are asserted in the counter-complaint, the claim is not subject to dismissal for failure to state a claim. Whether defendants can *prove* the claim – i.e., whether State Farm in fact received a benefit from PIRC and whether State Farm's retention of any such benefit would be inequitable – is a separate inquiry, and one that

cannot be made under Rule 12(b)(6).

Finally, State Farm argues that defendants' damages are limited by the "one year back rule" articulated in Mich. Comp. Laws § 500.3145(1).[2] State Farm notes that the Michigan Supreme Court, in interpreting this statute, has held that "[d]amages are only allowed for one year back from the date the lawsuit is filed." *Cameron v. Auto Club Ins. Ass'n*, 476 Mich. 55, 63 (2006). State Farm therefore seeks a ruling that defendants may not seek recovery for any services they rendered more than one year prior to the filing of their counter-complaint.

In response, defendants cite *Hofmann v. Auto Club Ins. Ass'n*, 211 Mich. App. 55 (1995), for the proposition that the one year back rule does not apply to common law claims such as account stated and unjust enrichment. In *Hofmann*, defendant Auto Club Insurance Association filed counterclaims seeking reimbursement from the plaintiff chiropractors for amounts the insurer

---

[2] Section 500.3145(1) states:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

had paid them for services rendered to its insureds. Reimbursement was sought on the grounds that plaintiffs had charged for services which were outside the scope of chiropractic, that plaintiffs had charged more than they customarily charged in cases not involving insurance, and that plaintiffs had charged for services for which they had already received partial payment from another insurer. *See id.* at 61. An issue on appeal was whether the insurer's damages were limited by the one year back rule. In finding the rule to be inapplicable, the court stated:

> In *New York Life*, the Supreme Court held that a no-fault insurer's common-law action as subrogee to recover benefits due under a health-care contract was governed by the six-year period of limitation applicable to contract actions, instead of the one-year period of limitation embodied in § 3145(1) of the no-fault statute. The Court explained that § 3145(1) was not applicable because that statute, by its terms, applies only to actions for the recovery of benefits "payable under this chapter." 440 Mich at 138.
> 
> In this case, as in *New York Life*, none of ACIA's counterclaims for reimbursement involve actions for the recovery of no-fault benefits that are "payable under this chapter." To the contrary, each of ACIA's counterclaims are premised on the contention that reimbursement is due because the monies sought to be recovered are not payable under the no-fault statute. Therefore, we agree that § 3145(1) is not applicable.
> 
> Although ACIA's counterclaims do not involve contract actions, support for the application of a six-year period of limitation can be found in this Court's decision in *Adams v. Auto Club Ins. Ass'n*, 154 Mich App 186, 397 NW2d 262 (1986), which involved an insurer's action for reimbursement of overpaid work-loss benefits. Characterizing the insurer's action as a common-law action for reimbursement of payments made under mistake of fact, this Court in *Adams* stated:
> 
>> [B]ecause defendant's action seeking recovery for amounts overpaid involves a common-law right of action, the limitation found in § 3145(1) is not applicable. Since there is no other statute of limitations directly applicable, the general six-year limitation period argued by the defendant must be applied. [MCL § 600.5813; MSA § 27A.5813.] Although we recognize that a strong argument to the

> contrary could be made, see *Badger State Mutual Casualty Co v. Auto-Owners Ins Co*, 128 Mich App 120, 128-129; 339 NW2d 713 (1983), we believe that plaintiff's argument tortures the language of § 3145 and the legislative intent in enacting that section in attempting to extend the limitations period found in that section to the facts of this case involving a common-law right of action. [*Id*. at 96.]
>
> This reasoning was expressly approved by the Supreme Court in *New York Life, supra*, 440 Mich at 136-137, which also expressly disapproved the reasoning of the *Badger State* decision discussed in *Adams* as supporting the contrary view.

*Id.* at 116-17.

Defendants read *Hofmann* too broadly. That case does not stand for the proposition that, in defendants' words, "in a common-law right of action § 3145(1) is not applicable." Pltfs' Resp. at 14. Section 3145(1) was found to be inapplicable in *Hofmann* because the insurer was not seeking "personal protection insurance benefits payable under this chapter," but rather reimbursement of benefits which were *not* payable thereunder. In contrast, defendants in the present case are seeking payment under the No-Fault Act for medical services they rendered to State Farm's insureds. While it is not mentioned in defendants' counter-complaint, defendants acknowledge elsewhere that their entitlement to payment, if any, derives from the No-Fault Act. *See, e.g.,* PIRC's Mot. for Summ. J. at 18 (arguing entitlement to payment of benefits under the No-Fault Act). Defendants do not suggest any other reason, apart from seeking payment under the No-Fault Act, as to why they submitted the disputed bills to State Farm for payment. As defendants clearly are seeking "recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury," § 500.3145(1), their recovery is limited by the one year back rule.

For the reasons stated above,

IT IS ORDERED that plaintiff's motion to dismiss is denied.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment is granted as follows: defendants' recovery is limited by the one year back rule to charges for services rendered no longer than one year prior to the filing of defendants' counter-complaint.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated:  March 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager